**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

John Ryan,

                Plaintiff,

v.

Costco Wholesale Corporation, et al.,

                Defendants.

No. CV-22-00419-PHX-DLR

**ORDER**

Plaintiff John Ryan brings this premises liability case against Defendants Costco Wholesale Corporation and Costco Wholesale Membership Incorporated based on a slip and fall that occurred in February 2020. Defendants have moved for summary judgment. (Doc. 34.) As Exhibit 3 in support of that motion, Defendants submitted to the Court a disc containing two angles of surveillance footage of Plaintiff's fall, along with a media player program with which to view the footage. Defendants move for leave to file Exhibit 3 under seal. (Doc. 36.)

The public has a right to access judicial records. *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999). The Court therefore begins "with a strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), and a party seeking to overcome this presumption and file a record under seal generally must provide a compelling reason for doing so, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

1096 (9th Cir. 2016). The Ninth Circuit has carved out an exception to this general rule "for sealed materials attached to a discovery motion unrelated to the merits of the case." *Id.* at 1097. A party seeking to seal such materials "need only satisfy the less exacting 'good cause' standard." *Id.* Although earlier decisions from the Ninth Circuit sometimes used the words "dispositive" and "non-dispositive" to describe the dividing line between those records governed by the compelling reasons standard and those governed by the good cause standard, the Ninth Circuit has since clarified that "[t]he focus ... is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099. The exception to the ordinary compelling reasons standard applies only to records that are unrelated or merely tangentially related to the merits of a case. Sealing documents appended to a motion that is more than tangentially related to the merits of a case requires a compelling justification. Defendants' motion is governed by the more demanding compelling reasons test because the exhibit they seek to seal is attached to a dispositive motion and more than tangentially related to the merits. Defendants offer two reasons why they believe Exhibit 3 should be sealed, neither of which the Court finds compelling.

First, Defendants note that they designated the surveillance footage as "Confidential" pursuant to the protective order entered in this case. (Doc. 19.) "[B]ut the fact that a document is treated as confidential pursuant to a protective order is not, without more, a compelling reason for sealing that document once it is used to support a dispositive motion." *Blum v. Banner Health*, No. CV-20-00409-PHX-DLR, 2021 WL 5446460, at *1 (D. Ariz. Nov. 22, 2021).

Second, Defendants argue that the surveillance footage "is deserving of protection from use or publication outside the scope of this lawsuit" because "Costco's primary use for its surveillance system is asset protection and theft deterrence[.]" (Doc. 36 at 1.) But it is common knowledge that commercial retail businesses routinely use surveillance cameras to protect their wares and deter theft. The unremarkable fact that Costco stores use surveillance cameras is not a compelling reason to seal the footage. Accordingly,

**IT IS ORDERED** that Defendant's motion to seal (Doc. 36) is **DENIED**. If

Defendants want the Court to consider Exhibit 3, they must resubmit the document for filing in the public record within **5 days** of entry of this order, in accordance with LRCiv 5.6(e).

Dated this 6th day of February, 2024.

Douglas L. Rayes
United States District Judge